IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CAUSE NO. A-08-CA-831-LY |
| MELVIN JOSEPH CAMP, JR., § | |
| DEBTOR. § | |

## MEMORANDUM OPINION AND ORDER

This case is an appeal of an order of the United States Bankruptcy Court for the Western District of Texas, Austin Division. *See* 28 U.S.C. § 158(a)(1) (2006). Before the Court are the Brief of Appellant Melvin Joseph Camp, Jr. filed December 1, 2008 (Doc. #4); Appellee's Response Brief of Ronald Ingalls, Trustee, filed December 23, 2009 (Doc. #7); Appellant's Reply Brief filed January 5, 2009 (Doc. #8); Appellant's Supplemental Memo Brief filed April 2, 2009 (Doc. #10); and the designated record on appeal (Doc. #2). On February 27, 2009, the Court held oral argument. Having carefully considered the briefs, designated record, argument of counsel, and applicable law, the Court concludes that the appeal should be sustained for the reasons set forth below.

### I. Factual Background

On June 10, 2008, Appellant Melvin Joseph Camp, Jr. ("Camp") filed a voluntary petition in bankruptcy under Chapter 7 of the Bankruptcy Code. *See* 11 U.S.C. §§ 701-84 (2004 & Supp. 2009). In his petition, Camp disclosed he had been a resident of Travis County, Texas since April 30, 2007, and was seeking to use the federal bankruptcy exemption scheme. *See* 11 U.S.C. § 522 (2004 & Supp. 2009). He further disclosed that he had previously been a resident of Florida from January 17, 2004, through April 30, 2007.

On July 13, 2008, Appellee Ronald Ingalls (the "Trustee") objected to Camp's use of the federal bankruptcy exemptions. Following a hearing, the bankruptcy court on September 25, 2008,

rendered a memorandum opinion in support of its amended order sustaining the Trustee's objection to exemptions. This appeal followed.

## II. Standard of Review

On appeal, this Court reviews the bankruptcy court's findings of fact under a clearly erroneous standard and reviews conclusions of law *de novo*. *See In re Heartland Fed. Sav. & Loan Assn. v. Briscoe Enters., Ltd. II (In re Briscoe Enters., Ltd. II)*, 994 F.2d 1160, 1163 (5th Cir. 1993). The Court's determination as to whether the bankruptcy court's amended order sustaining the Trustee's objection to Camp's use of the federal bankruptcy exemptions is in error is a legal issue that is reviewed *de novo*.

## III. Analysis

The issue on appeal is whether bankruptcy court erred in sustaining the Trustee's objection to Camp's federal bankruptcy exemptions. Specifically, the Court must determine whether the residence requirement in a state that has opted out of the federal bankruptcy exemption scheme is preempted implicitly by Section 522, invalidating all state exemption law that limits the extraterritorial application of a state's exemptions. Further, the Court must determine the scope and application of the savings clause in the "hanging paragraph" of Section 522(b)(3). *See* 11 U.S.C. § 522(b)(3) ("If the effect of the domiciliary requirement ... is to render the debtor ineligible for any exemption, the debtor may elect to exempt property that is specified under subsection (d)." (federal exemptions)). Camp's appeal centers on the interpretation of the changes made to Section 522(b) by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "Act").

Debtors generally may choose between electing federal exemptions and those allowed under state law, unless the applicable state law prohibits use of the federal exemptions. *See* 11 U.S.C.

2

§ 522(b)(2). This "opt-out" provision allows states to require debtors to use only exemptions available under available state and nonbankruptcy federal law. *See In re Stephens*, 402 B.R. 1, 3 (B.A.P. 10th Cir. 2009). Prior to the Act, a debtor was required to apply the exemption laws of the state that was the debtor's domicile for the 180 days immediately preceding the date of the filing of the petition or the state in which the debtor was domiciled for the greater portion of the 180-day period. The Act modified the test for determining which state's exemption law applies. If a debtor has lived in the state where the bankruptcy petition is filed for at least 730 days immediately preceding the filing, the debtor's exemptions are now evaluated under either the federal exemption laws or the exemption laws of the filing state, depending upon whether that state's law include an opt-out provision. If the debtor's domicile has not been in the filing jurisdiction for at least 730 days, the court looks back to the 180-day period immediately preceding the 730-day period, and the debtor's domicile for exemption-law purposes is the state where debtor lived the longest during that previous 180-day period.

Not in dispute is that at the time Camp filed his Chapter 7 petition he was a resident of Texas and therefore properly filed the petition in Texas. However, Camp did not live in Texas for a full 730 days before filing the petition. The parties agree that Camp's state of domicile was Florida for the entire 180-day look-back period. The parties also do not dispute that Florida law includes the op-out provision. Thus, if Florida exemption laws apply to Camp, he can only claim the exemptions provided under Florida law and cannot elect the federal exemptions.

The parties disagree on the question of whether the application of Florida's opt-out language is limited to residents of the state and the scope and meaning of Florida's opt-out language in a bankruptcy proceeding. Camp contends that Florida exemption law renders the opt-out language

3

applicable only to Florida residents and that nothing in the opt-out statute prevents a nonresident from using the federal bankruptcy exemptions. *See In re Battle*, 366 B.R. 635, 636-37 (Bankr. W.D. Tex. 2006); *In re Schulz*, 101 B.R. 301, 302 (Bankr. N.D. Fla. 1989). Camp further argues that if the Bankruptcy Code requires a debtor to use the Florida state-exemption scheme and the Florida state exemptions are not applicable to such a nonresident debtor, the federal exemptions are available to such a nonresident debtor under the Act's savings provision. *See* 11 U.S.C. § 522(b)(3).

The bankruptcy court held that Florida's express statutory prohibition against applying its exemption laws to property located outside the state was preempted by the choice-of-law provisions found in Section 522(b).[1] Thus, the bankruptcy court concluded, Camp was confined to using the Florida exemptions, Florida's exemptions may be applied to Camp's real and personal property outside Florida, and Camp was precluded from using the federal-exemption scheme.

In a decision rendered after submission of this cause, the Bankruptcy Appellate Panel for the Tenth Circuit Court of Appeals considered and expressly declined to adopt the reasoning of the bankruptcy court in this case, holding instead that "the choice of laws provisions found in § 522(b) do not override, or preempt, state laws that prohibit the application of a state's exemption laws to property located outside the state." *In re Stephens*, 402 B.R. 1, 5. The Court reasoned that Congress would not seek to exercise any preemption right by Section 522(b). *Id.* "'[R]ather than preempting the [exemption] area, Congress expressly authorizes the states to 'preempt' the *federal* legislation.'" *Id.* (quoting *Rhodes v. Stewart*, 705 F.2d 159, 163 (6th Cir. 1983)).

---

[1] *In re Camp*, 396 B.R. 194, 199 (Bankr. W.D. Tex. 2008). The bankruptcy court acknowledged, however, that no other court has yet expressly held that a state residency restriction in an opt-out statute is a choice-of-law provision that is preempted by Section 522(b). *Id.*

4

The circuit court also addressed the application of Section 522(b)'s hanging paragraph. Under such provision, the circuit court noted, "if a debtor is unable to claim a state's homestead exemption because of territorial restrictions, she is not then deprived of claiming any exemption." *Id.* at 6.[2] The circuit court held that the preemption approach established by the bankruptcy court in this case, which would always apply the exemptions of the applicable state, would essentially render the paragraph meaningless.[3]

The Court finds the Tenth Circuit's interpretation of the intended scope and purpose of the amendments to Section 522 persuasive, reasonable, and appropriate. Applying the circuit court's interpretation in this cause, the Court concludes that Camp's appeal should be sustained and he should be entitled to use the federal-exemption scheme. *See* 11 U.S.C. § 522(d). Accordingly, the Court will sustain Camp's appeal and remand this cause to the bankruptcy court for further proceeding consistent with this order.

---

[2] *See In re Adams*, 375 B.R. 532, 533 (Bankr. W.D. Mo. 2007) (holding debtors not entitled to use Florida homestead exemption to exempt Missouri home, even though Florida was deemed to be debtors' domiciliary under the new Section 522(b)(3) choice-of-law provisions, but would be entitled to use Section 522(d) federal exemptions because Florida's exemption laws were not extraterritorial).

[3] The Tenth Circuit reasoned that

> it is much more likely that the "hanging paragraph" was inserted to protect a debtor who would otherwise lose all exemptions if a state's property laws were interpreted to deny the debtor the state's exemptions. That situation became much more likely to occur with the simultaneous adoption of the requirement that a debtor have lived in the filing state for at least two years and if not, that the debtor would be subject to the exemption laws of a state where he had not lived for over two years.

*In re Stephens*, 402 B.R. 1, 5 n.18.

5

## IV. Conclusion

This Court therefore concludes that the bankruptcy court's order sustaining the Trustee's objection to Camp's exemptions should be reversed. In accordance with the foregoing:

**IT IS ORDERED** that Debtor Melvin Joseph Camp, Jr.'s appeal from the Bankruptcy Court's order of September 25, 2008, sustaining the Trustee's Objection to Debtor's Exemptions, is **SUSTAINED**.

**IT IS FURTHER ORDERED** that the bankruptcy court's September 25, 2008 Amended Order Sustaining Trustee's Objection to Exemptions is **REVERSED**.

**IT IS FINALLY ORDERED** that the cause is **REMANDED** to the bankruptcy court for further proceedings consistent with this Order.

SIGNED this 9th of September, 2009.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE